BRUNOT, J.
 

 Tbe defendant was charged with selling intoxicating liquor for beverage purposes. After arraignment and plea be was tried, found guilty as charged, and was sentenced to serve forty-five days in tbe parish jail, subject to work on tbe parish farm, and to pay a fine of $500 and costs, and, in default of tbe payment of tbe fine and costs, to serve six months in the parish jail, subject to work on the parish farm;
 

 The defendant appealed from the verdict and sentence.
 

 After conviction the defendant filed a motion for a new trial. The motion is based upon the alleged insufficiency of the evidence to support the verdict, and upon newly discovered evidence. The motion was heard and overruled, and defendant reserved a bill of exceptions to the ruling. This is the only bill in the record. No appearance was made in this court for defendant, and no brief filed in support of the bill.
 

 The alleged newly discovered evidence was merely corroborative of evidence offered by defendant on the trial relative to the color of the car in which the two prohibition enforcement officers were riding at the time the defendant is charged with selling them whisky.
 

 We quote from the trial judge as follows:
 

 “Defendant’s witnesses all testified that they saw two men drive up to defendant’s house in a gray Ford Coupe, bearing an Arkansas license plate, and that defendant did not sell them any whiskey. The two United States Agents both testified that they were driving a black Ford coupe with Louisiana license that had been confiscated at Ferriday, Louisiana, a day or so before that time, and the Sheriff and his deputy testified that the men left Minden and returned to Minden in a black Ford Coupe. There was and is no doubt in my mind as to the guilt of the defendant. I am of the opinion that if a gray Ford Coupe bearing an Arkansas license drove up to defendant’s house that morning, that it was not occupied by the prosecuting witnesses,” etc.
 

 This court has repeatedly held that it cannot pass upon the sufficiency of the evidence. It is only where there is no evidence at all of guilt that a question is presented which we may consider. It is clear that, if the alleged newly discovered evidence had been before the court, it would not have affected the verdict. It is the settled jurisprudence of this court that the refusal of the trial judge to grant a new trial will not be disturbed unless it appear that the ruling was clearly erroneous. La. Dig. vol. 2, p. 667.
 

 For the reasons stated, the verdict and sentence are affirmed.
 

 O’NIELL, C. X, absent.