HAWTHORNE, Justice.
 

 The Court of Appeal affirmed a judgment of the district court awarding to plaintiff Thomas H. Sumrall compensation for total and permanent disability but denying penalties and attorney’s fees claimed under R.S. 22:65s.
 
 [1]
 
 This court granted a writ to review the judgment of the Court of Appeal only insofar as it denied penalties and attorney’s fees.
 

 The facts are fully set out in the opinion of the Court of Appeal, and we do not propose to discuss them in detail. See Sumrall v. J. C. Penney Co., La.App., 101 So.2d 758. Plaintiff, a carpenter, sustained a right ilio hernia in the course and scope of his employment for the insured, J. C. Penney Company, whose compensation insurer is the Travelers Insurance Company. The employee underwent surgery for the correction of this hernia, and because it was the third hernia he had had, a tantalum wire mesh was used by the surg.eon to re
 
 *765
 
 pair this hernia. Following the operation the plaintiff continued to suffer pain and irritation in his groin. In due course he was examined by physicians, who informed the insurance company, which was making compensation payments to the plaintiff at this time, that minor surgery would probably relieve or cure the plaintiff’s pain, the operation being what the doctors termed a simple excision of the hernia scar.
 
 [2]
 
 Plaintiff refused to undergo this operation, and accordingly in November, 1955, compensation payments to him were stopped.
 

 On December 24, 1955, plaintiff instituted the present suit seeking compensation for total and permanent disability and penalties and attorney’s fees. On May 3, 1956, at a pre-trial conference the defendant insurer admitted that “as of November 1955 compensation payments to the plaintiff were discontinued, not primarily on the ground that plaintiff was no longer suffering any disability, but because defendant contended that all the plaintiff was suffering from at that time was an irritation caused from a wire mesh which was used in connection with the hernia operation, and all that was necessary was simple medical treatment, or a minor operation to cure the condition, which medical treatment or operation defendant has tendered * * * Defendant also admitted that the plaintiff in his present condition was unable to carry on the duties of a carpenter in the same manner as he had before the accident, but contended that it was justified in making no further payments because plaintiff refused medical treatment.
 

 It is conceded by all counsel in argument before this court that the payments of compensation were discontinued for only a short time and that all compensation due to plaintiff has been paid. Moreover, the Court of Appeal’s judgment awarding compensation is now final. Under these facts the sole question for our determination is whether the insurer was justified in discontinuing the payment of compensation upon plaintiff’s refusal to submit to surgery. In other words, was the discontinuance of compensation payments arbitrary, unreasonable, or without probable cause so as to entitle plaintiff to the penalties and attorney’s fees sought?
 

 In denying the penalties and attorney’s fees in the instant case the Court of Appeal stated:
 

 “For, in determining whether the insurer’s failure here to pay compensation
 
 *767
 
 was ‘arbitrary, capricious, or without probable cause’, LSA-R.S. 22:658, for purposes of awarding penalties under the cited statutory section, we think that it may be appropriate to review such non-payment
 
 in the light of the jurisprudence at the time this suit was instituted immediately after compensation was terminated in November of 1955
 

 ******
 

 “Until recently, as almost all the cases on the subject indicate, the prevalent practice of securing a judicial determination as to the reasonability of the employee’s refusal to accept the tendered surgery was, as in this case, for the insurer to terminate the payment of compensation and thus provoke the employee’s suit in which the question could be raised.
 

 ******
 

 “However, since at the time the present litigation was commenced, the state of the jurisprudence was unsettled and the prevalent practice otherwise, we do not think it would be fair or proper to assess in the present instance penalties for arbitrary non-payment of compensation.” [101 So.2d 761.] (Italics ours.)
 

 In Duplechien v. State Exploration Co., La.App.1957, 94 So.2d 460, 462, compensation payments were discontinued because of the employee’s refusal to submit to surgery recommended as able to end his disability. The Court of Appeal stated under these facts that “The principal question is whether plaintiff’s refusal to submit to a tendered operation is so arbitrary and unreasonable as to relieve defendant employer and its co-defendant compensation insurer from the obligation of paying further compensation unless plaintiff employee agrees to submit to the operation in question”. There the Court of Appeal’s holding, which we approve and with which we are in full accord, was that “The question of whether the employee’s refusal to accept the tendered surgery is reasonable, is not a
 
 medical
 
 question; it is a
 
 legal
 
 question, involving not only an assessment of the medical testimony, but of the circumstances surrounding this particular employee under the particular facts of this particular case, and an application to these facts of the legal standards evolved and evolving through the jurisprudence. We are inclined to believe that such determination can never properly be made ex parte by one of the interested parties, but only by the court after a judicial assessment of all the surrounding facts and circumstances of the particular case concerned”. The court there further concluded, and we think correctly, that “the burden is and should be put upon the employer to secure a judicial determination of the necessity of the surgery, rather than upon the employee to prove that his own refusal to submit to same is reasonably based”.
 

 
 *769
 
 The Duplechien case was decided by the Court of Appeal in March, 1957, after the insurer’s termination of compensation payments and the filing of plaintiff’s suit in the instant case, and as far as we have been able to discover, that case was the first such holding by an appellate court of this state. In the course of the opinion in the Duplechien case the Court of Appeal for the First Circuit observed that although the courts cannot compel an employee to submit to surgery, compensation payments can be withheld by order of the court when an employee unreasonably refuses to submit to surgery which will remove his disability, and cited in support of this statement Borders v. Lumbermen’s Mutual Casualty Co., La.App.1956, 90 So.2d 409.
 

 We think also that the Court of Appeal was correct in the instant case when it stated that at the time compensation was stopped in the instant case, the prevalent practice for determining the reasonableness of the employee’s refusal to accept tendered surgery was for the employer to terminate payment of compensation and thus provoke a suit by the employee in which the issue could be determined by the court. That such has been the prevailing practice is indicated by numerous cases in the Courts of Appeal of this state. See Turner v. Southern Industries Co., 88 So.2d 238; Ashworth v. Calcasieu Paper Co., 85 So.2d 681; Ebarb v. Southern Industries Co., 78 So.2d 553; French v. Employers Mutual Ins. Co. of Wis., 70 So.2d 179; Johnson v. United States Fidelity & Guaranty Co., 58 So.2d 261; Fredieu v. Mansfield Hardwood Lumber Co., 53 So.2d 170; Leday v. Lake Charles Pipe & Supply Co., 185 So. 655—all cited in Borders v. Lumbermen’s Mutual Casualty Co., supra. Therefore, when the defendant insurer in the instant case stopped the payment of compensation to plaintiff, it was merely following the procedure and practice then prevailing in this state to secure a judicial determination of whether plaintiff’s refusal to submit to surgery was reasonable.
 

 In support of his contention that he is entitled to the statutory penalties and attorney’s fees plaintiff relies principally on Wright v. National Surety Co., 221 La. 486, 59 So.2d 695; Fruge v. Pacific Employers Ins. Co., 226 La. 530, 76 So.2d 719; and Cummings v. Albert, La.App., 86 So.2d 727. The holdings in those cases are not pertinent or controlling here, for in those cases the court was not called upon to determine whether an employer was justified in discontinuing the payment of compensation upon the employee’s refusal to submit to surgery.
 

 Plaintiff also relies on Patterson v. Cargo Services, La.App., 95 So.2d 49, decided by the Orleans Court of Appeal. There is no doubt that this case supports his contention that he is entitled to statutory penalties and attorney’s fees as it is directly in point. However, we do not think that
 
 *771
 
 the holding there warrants the imposition of penalties in the instant case. This is so because the Patterson case is the first in the jurisprudence of this state directly in point and decisive of the question there presented, and the decision was rendered by the Court of Appeal after the institution of the instant suit; and since the decision there is of a subsequent date, we cannot hold that the insurer’s failure to pay compensation in the instant case was arbitrary, capricious, or without probable cause. Furthermore, the state of the jurisprudence at the time the Patterson case was decided was not discussed or used as an argument against the assessment of statutory penalties.
 

 To summarize, we think that even though an employer may have cause to believe that the employee’s disability may be removed by surgery, the employer cannot ex parte terminate the payment of compensation upon the refusal of the employee to submit to surgery, and that if he does so, the discontinuance of compensation payments will be deemed arbitrary, capricious, and without probable cause so as to entitle the employee to statutory penalties and attorney’s fees. The question whether an employee’s refusal to submit to surgery is reasonable is not a medical question, but a legal question to be determined by the court under the facts and circumstances of each case, and the burden is on the employer to obtain judicial determination of the necessity of surgery, and not on the employee to show that his refusal to submit to surgery is reasonable. We are, however, in full accord with the Court of Appeal in the instant case that the statutory penalties should not be imposed in this case because, as stated by that court, “ * * * since at the time the present litigation was commenced, the state of the jurisprudence was unsettled and the prevalent practice otherwise, we do not think it would be fair or proper to assess in the present instance penalties for arbitrary non-payment of compensation”.
 

 For the reasons assigned the judgment of the Court of Appeal affirming the judgment of the district court insofar as it denied statutory penalties and attorney’s fees to plaintiff is affirmed.
 

 FOURNET, C. J„ absent.
 

 [1]
 

 . Under this section penalties and attorney’s fees are recoverable if the refusal to pay compensation is found to be arbitrary, capricious, or without probable cause.
 

 [2]
 

 . On the basis of medical evidence subsequently adduced, including that of three doctors appointed by the court to determine plaintiff's physical condition and decide whether a simple excision of the scar was advisable, the trial judge concluded that plaintiff was entitled to compensation for total and permanent disability without conditioning his right to compensation on submission to the surgery advised by the insurer.