145 So.2d 592 (1962)
Bertha Mae WILLIAMS
v.
UNITED STATES CASUALTY COMPANY.
No. 760.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 29, 1962.
Certiorari Denied January 3, 1963.
*593 O'Keefe & O'Keefe, New Orleans, Gerald P. Fedoroff, Trial Atty., New Orleans, for plaintiff-appellant.
Simon & Wicker, New Orleans, Lawrence D. Wiedemann, Trial Atty., New Orleans, for defendant-appellant.
Before FRUGÉ, MENUET and ELLIS, JJ.
J. ADOLPH MENUET, Judge pro tem.
Bertha Mae Williams brought this direct action to recover compensation for total and permanent disability against the United States Casualty Company the compensation carrier of Sanders Lawson, d/b/a Sander's Bar.
The plaintiff alleges that on or about June 3, 1961, while engaged as a barmaid in her employer's hazardous business and during the course and scope of her employment, she was shot five times by one Warren Mills. As a result of these injuries she is paralyzed from the waist down and is permanently and totally disabled. She further alleges that she will require additional medical care and for which defendant is liable up to the sum of $2500.00 or to the extent of its medical rider, whichever is greater. The petitioner prays for compensation at the rate of 65% of her wages, tips and other benefits per week for a period not to exceed 400 weeks, together with medical expenses, interest on all past due installments and for the statutory 12% penalty and reasonable attorney's fees.
After trial, the lower court rendered judgment in favor of the plaintiff for compensation in the sum of $16.25 per week for a period not exceeding 400 weeks from and after June 3, 1961, with legal interest on each payment from the due date thereof. Judgment was further rendered in favor of the Charity Hospital of Louisiana and against the defendant in the sum of $2500.00.
Both parties perfected appeals from this judgment. The plaintiff complains that the trial court erred in failing to award her penalties and attorney's fees. The defendant complains the trial court erred in failing to hold that the shooting of Bertha Mae Williams did not arise out of her employment and further erred in rendering a judgment in favor of the Charity Hospital of Louisiana for medical services when this said institution was not a party to the suit.
When this appeal came to be heard, the defendant-appellant moved for dismissal on the grounds that Bertha Mae Williams departed this life on May 18, 1962, subsequent to the judgment of the trial court and no substitution of proper party plaintiffs had been made herein. Opposing counsel admitted the death and stated that while her succession had been opened no judgment had as yet been rendered therein and consequently they had not as yet substituted her legal heirs. This objection of defendant-appellant was taken under advisement. While under advisement the plaintiff obtained an ex parte order of this court substituting Alphonse Bouligny, legal tutor of the minors, Gerald Gay Williams and Victoria Williams, as party plaintiffs in these proceedings.
Where an employee entitled to compensation died pending the proceedings, his claim for compensation to date of death was inherited by his widow and heirs. Richardson v. American Employees Insurance Company (La.App.1947) 31 So.2d 527. Where *594 workmens compensation claimant died pending employer's appeal, the widow and three children were permitted to voluntarily make themselves parties to the proceedings and who were thereafter bound by the judgment of the Appellate Court. Lynn v. Arkansas Fuel Oil Co. (La.App.1940) 192 So. 764.
LSA-R.S. 23:1317 provides that the court in compensation cases shall not be bound by technical rules of evidence or procedure and shall decide the merits of the controversy equitably, summarily and simply as may be, which provisions of law apply to appellate courts as well as the courts of original jurisdiction. Harris v. Primos (La.App.1958) 98 So.2d 683.
In view of this statutory provision, as interpreted by the quoted jurisprudence and in view of the disposition hereinafter made of this cause we do not believe that the ends of justice would be satisfied by a dismissal of the suit upon sustaining the exceptions of the defendant-appellant.
The record herein reveals that there is no dispute as to the facts. During the year 1953, Bertha Mae Williams had been employed as a barmaid by Sanders Lawson at his saloon located at 2700 South Miro Street. At this time Warren Mills was engaged in running a card game within the establishment on some profit sharing arrangement with Sanders Lawson. Shortly thereafter Bertha Mae Williams and Warren Mills commenced living together as common law husband and wife. The plaintiff continued to work as a barmaid for Sanders Lawson off and on thereafter. The relationship between the plaintiff and Mills was by no means peaceful and on several occasions prior to the shooting Mills had committed acts of violence upon the plaintiff. In 1956 Mills moved to California while plaintiff remained in New Orleans. In December of 1960 Mills returned to New Orleans on a visit and he and the plaintiff thereafter moved to California where they lived together as husband and wife until she returned to the city alone shortly before the shooting. She had been re-employed by Lawson for some two weeks prior to that time. Mills returned from California and on the night before the shooting accosted Bertha Mae on the street near her home. She was successful in escaping him by seeking the safety of her mother's home. The following morning, Saturday, June 3, 1961, she reported for work about an hour late and told her employer that her tardiness was due to her apprehension because of the appearance of Mills. At about 4 P.M. plaintiff was working behind the bar when Mills came into the barroom. Plaintiff thereupon told Mrs. Lawson, the wife of the owner, "I hope no trouble starts". Mills then ordered an absinthe which petitioner served him. The phone then rang and petitioner walked around the bar to answer it, having to pass close to Mills in so doing. After the phone call, plaintiff started to return behind the bar and as she passed Mills he grabbed her and while her back was turned shot her five times. No arguments or discussions of any kind preceded the assault. One of the bullets from Mills' gun severed plaintiff's spinal cord, which injury has caused her to lose control of her bodily functions and which admittedly resulted in permanent disability.
The district court found that at the time of the assault the plaintiff was about her employer's business and not pursuing her own business or pleasures. The necessities of the employer's business required that she be at the place where the assault took place. At the time it took place she was serving a customer and answering a telephone call in the usual course of business. She did nothing to provoke the assault. We are in complete accord with these findings of the trial Court.
The defendant-appellant contends that the assault arose out of a purely personal matter and that her injuries and subsequent disability did not arise out of her employment because they came from a hazard to which she would have been exposed *595 apart from her employment and accordingly, the lower court erred in not holding that the shooting of the plaintiff did not arise out of her employment.
Both parties concede that because of the issuance of the policy of insurance, under the provisions of LSA-R.S. 23:1166, the insurer is estopped to deny the hazardous nature of the employer's business. Bergeron v. New Amsterdam Casualty Co. Supreme Court, La.Sup., 141 So.2d 832.
The plaintiff further admits that the motive for the shooting was purely personal and the defendant in turn admits that the assault took place during the course and scope of the employment. The legal issue therefore presented is whether or not the plaintiff received a personal injury "by accident arising out of" her employment. LSA-R.S. 23:1031.
The district court found that the motive of the customer in assaulting the plaintiff was of no consequence and, accordingly, reached the conclusion that the plaintiff had been injured by accident arising out of and in the course of her employment.
The defendant contends that this conclusion is erroneous because of the existence in the jurisprudence of two lines of decisions defining "arising out of" the employment, neither of which have expressly overruled the other and which can only be reconciled on a factual basis. They urge, therefore, that the trial court inadvertently applied the one of the two lines of decisions which were not applicable to the present factual situation.
The Supreme Court of Louisiana interpreted the meaning of the term "arising out of" in the case of Myers v. La. Ry. and Nav. Co., 1917, 140 La. 937, 74 So. 256, as follows, to-wit:
"It is sufficient to say that an injury is received `in the course of' the employment when it comes while the workmen is doing the duty which he is employed to perform. It arises `out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment. * * * BUT IT EXCLUDES AN INJURY WHICH CANNOT FAIRLY BE TRACED TO THE EMPLOYMENT AS A CONTRIBUTING PROXIMATE CAUSE AND WHICH COMES FROM A HAZARD TO WHICH THE WORKMEN WOULD HAVE BEEN EQUALLY EXPOSED APART FROM THE EMPLOYMENT. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." (Emphasis supplied.)
In the case of Kern v. Southport Mill Ltd., 1932, 174 La. 432, 141 So. 19, the Supreme Court laid down the following standards for the purpose of defining the term "arising out of" as follows, to-wit:
"In determining, therefore, whether an accident `arose out of' the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
*596 The defendant contends that under the factual situation presently before the court the accident did not "arise out of" the employment because it resulted from a hazard to which plaintiff would have been and in fact was exposed apart from her employment. Under this situation they urge application of the rule of the Myers case.
It is apparent that the trial judge applied the principles of the Kern case as follows by the Supreme Court in the case of Harvey v. Caddo, 1942, 199 La. 720, 6 So.2d 747, which the trial court states is the latest ruling of the Supreme Court on this question. In the latter case, compensation was allowed an employee who was killed when the building in which he was working collapsed upon him during a tornado.
We do not believe that any useful purpose would be served by a discussion of the applicability of the two tests to various factual situations. Suffice it to say, we agree with the conclusions of the lower court and find that the rule of the Kern case was properly applied to the factual situation presently before the court. In fact, we are of the opinion, that should we apply the test of the Myers case, plaintiff would still be entitled to recovery. We do not believe that the plaintiff was subject to a hazard to which she would have been equally exposed apart from the employment. On the night previous to the shooting and apart from her employment she had successfully avoided the hazard. At the time of the shooting, her duties required her to serve the customer and to leave a relatively protected place behind the bar and to pass near Mills in order to answer the telephone. These circumstances, directly connected with her duties, exposed her to a greater hazard than which she would have been exposed apart from her employment. An assault upon an employee in a barroom by a customer can surely be more readily foreseen and anticipated than an Act of God. Regardless, however, we agree the trial court determined this issue of law in accordance with the later views of the Supreme Court on this matter.
The judgment of the trial court awarded the Charity Hospital of Louisiana judgment in the amount of $2500.00. The record reveals that the Charity Hospital was not a party to the suit and that the requirements of LSA-R.S. 46:9 to 46:12 were not complied with. In this respect, we believe the judgment in favor of this institution to be erroneous. Green v. Marquette Casualty Company, La.App., First Circuit 1955, 79 So.2d 116. However, it will be noted that the plaintiff prayed for and proved medical expenses to the extent of $3598.00 as of the time of the trial. Under these circumstances, the plaintiff would be entitled to an award for medical expenses up to the amount of $2500.00. Stansbury v. National Auto & Cas. Ins. Co., La.App., First Circuit 1951, 52 So.2d 300.
We agree with the finding of the trial court that plaintiff is not entitled to recover statutory penalties and attorneys fees. This case presented a serious legal defense which was made in good faith involving apparently unsettled jurisprudence. There was no arbitrary and capricious refusal to pay compensation. Under such circumstances penalties and attorneys fees are properly denied. Sumrall v. J. C. Penny Co., 239 La. 762, 120 So.2d 67; Kline v. Dawson, 230 La. 901, 89 So.2d 385.
The power to remand a case rest within the discretion of the appellate court and should be exercised when the ends of justice require such action. McClung v. Delta Ship Bldg. Co., 1948, La.App., 34 So. 2d 70. Accordingly, this case is remanded to the district court for further proceedings. All costs of this appeal to await final determination.
Remanded.