YARRUT, Judge.
This is an appeal from the judgment of the District Court denying Plaintiff workmen’s compensation, statutory penalties and attorney’s fees, for total and permanent disability resulting from an accident during the course of his employment.
Defendants are the employer and compensation insurer, respectively.
Defendant-employer for many years had been engaged as freight handlers in loading and unloading freight on the docks in New Orleans.
Plaintiff was in their employ for three weeks as a common laborer to load and unload freight when he suffered his alleged injury.
Plaintiff testified that, on Friday, June S, 1964, while lifting a 100-pound sack of malt, he strained his right side and suffered a “burning pain.” He did not report the incident to his employer until Tuesday, June 9, 1964, when his employer sent him to Drs. Houston, Roy, Faust and Ewin, their regular physicians. Dr. Roy diagnosed his condition as an incarcerated right femoral *303 hernia requiring immediate surgery. Plaintiff was promptly sent to Flint-Goodridge Hospital by his employer where Dr. Roy performed an operation a few hours later. Dr. Roy’s diagnosis of an incarcerated femoral hernia was admittedly an error as Plaintiff was found to have only an enlargement of the femoral lymph nodes with abscess formation in the femoral area.
Plaintiff was discharged from the hospital June IS, 1964, and seen by Dr. Roy as an out-patient until June 25, 1964. Plaintiff never again returned for treatment.
Based upon Dr. Roy’s opinion that the infection of the lymph nodes could not have been caused by an accident on the job, no compensation was paid Plaintiff, not even for the period of hospitalization. Only his medical expenses were paid in the amount of $439.28.
Defendants deny liability contending there was no accident or injury related to his employment even if disability resulted only from the operation. The district judge held with Defendants that there was no compensable accident.
Since the employer referred Plaintiff to its regular doctors for examination and treatment, any disability resulting from the operation is an injury suffered in the course of employment. Smith v. Brown Paper Mill Co., Inc., La.App., 152 So. 700; Bynum v. Maryland Casualty Co., La.App., 102 So.2d 547.
Smith v. Brown Paper Mill Co., Inc., supra, is a case where the employee was given a typhoid injection by his employer’s nurse which resulted in his paralysis. The court held he was entitled to compensation as his disability was an accident suffered within the course and scope of his employment.
In the instant case the disability, of which Plaintiff now complains, was a direct result of the medical treatment given him by his employer’s doctors.
It must be noted to Plaintiff’s credit that he consented to this major surgical operation for a hernia which the law 'did not require of him.
Concerning the contention that Plaintiff suffered no disabling injury from the operation, Plaintiff produced Dr. William Fisher and Dr. David Aiken. Both testified they found complaints of tenderness upon pressure slightly below the transverse scar left from the operation, and were of the opinion Plaintiff was suffering .from an involvement of the ilioinguinal nerve, referred to as “postoperative neuralgia,” which nerve became involved either in the scar tissue, which developed about the incision, or in the sutures used to close the flesh, muscles and ligaments. When questioned regarding the type of pain that might result from this nerve involvement, Dr. Aiken testified that he would expect to find “moderate discomfort,” and Dr. Fisher stated he would expect “tenderness” at the site which could be aggravated by Plaintiff’s activity. Both were of the opinion, that Plaintiff in his present condition would not be able to perform the duties of a freight handler again.
The testimony of Plaintiff’s physicians was opposed by that of Drs. William A. Roy and Richard Warren Levy. These doctors were questioned regarding the complaint of pain upon pressure at the intersection of the two scars (one of which was the scar from a successful hernia operation on Plaintiff four years before, and the scar left by the removal of the lymph nodes) as to whether such pain was the result of an involvement of the ilioinguinal nerve. Dr. Roy testified in the negative that there could not have been any involvement of this nerve from either suture or scar tissue, since the sutures were not used to close the flesh as the incision was only superficial, and the area was permitted to drain for several days and to heal normally without sutures. Dr. Roy explained that the ilio-inguinal nerve lies beneath a thick, tough layer of material known as the “external *304 oblique facia” as well as the muscle which was not entered, for which reasons he was of the opinion there could be no involvement of that nerve.
When asked whether a strain could have infected the glands, Dr. Roy again answered in the negative.
Dr. Roy saw Plaintiff again on March 8, 1965, at which time Plaintiff complained of pain upon pressure at the site of the scar left by his recent operation. Dr. Roy testified such tenderness and pain is a normal result of such an incision and was of the opinion that Plaintiff could return to work without impairment.
Dr. Levy testified he found no involvement of the ilioinguinal nerve, based on a sensitivity test performed by him, and that, if there had been an involvement, there would have been a loss of sensitivity in the area of the nerve distribution, and he found no such loss. Dr. Levy could not explain the pain, upon pressure, which he found at the site of the scar.
 We find that Plaintiff did suffer disability resulting from the recent surgery that will cause pain should he attempt to renew hard labor that requires him to stoop and lift bags weighing 100 pounds more or less. Accordingly, he is entitled to compensation at the rate of $35.00 per week, beginning June 5, 1964, for the duration of his disability, not to exceed 400 weeks, with legal interest from date due until paid, subject to re-examination every six months as provided by LSA-R.S. 23:1331.
 Penalties and attorney’s fees cannot be allowed because there was a serious question whether Plaintiff suffered an accident within the course and scope of his employment. To subject a compensation insurer to statutory penalties and attorney’s fees, its refusal to pay compensation must have been without reasonable foundation in fact or in law. Williams v. United States Casualty Co., La.App., 145 So.2d 592; Long v. Hardware Mutual Ins. Co., La.App., 137 So.2d 486; Cahee v. United States Casualty Co., La.App., 86 So.2d 631; Malone, Workmen’s Compensation, Sec. 389.
The judgment of the District Court is reversed and judgment rendered as above set forth in favor of Plaintiff and against Defendants in solido; costs in both courts as well as the experts fees fixed by the District Court to be paid by Defendants.
Judgment reversed and rendered.