289 So.2d 78 (1974)
Calvin BASS, Plaintiff-Appellant-Relator,
v.
SERVICE PIPE TRUCKING COMPANY, INC., et al., Defendants-Appellees-Respondents.
No. 53410.
Supreme Court of Louisiana.
January 14, 1974.
Rehearing Denied February 15, 1974.
*80 Robert T. Jacques, Jr., Drewett & Jacques, Lake Charles, Law Offices of Louis R. Koerner, Louis R. Koerner, Jr., New Orleans, for plaintiff-appellant-relator.
L. Lane Roy, Davidson, Meaux, Onebane & Donohoe, Lafayette, for defendants-appellees-respondents.
TATE, Justice.
The plaintiff Bass sustained a disabling knee-injury at work. He sues his employer and its insurer for compensation benefits. The evidence without contradiction shows total disability. However, the trial court conditioned the recovery of further compensation to submission to surgery within forty-five days of the date of its judgment.
The plaintiff's appeal in forma pauperis was dismissed insofar as suspensive, because without bond. 267 So.2d 63 (La.App.3d Cir. 1972). The defendant then terminated weekly compensation payments, because the employee had refused to submit to surgery within the time specified by the trial court's judgment. The court of appeal affirmed the trial court's judgment on the merits and its order requiring surgery within forty-five days of the lower court's judgment, with the apparent intention to dismiss finally on the merits the plaintiff's claim for further compensation because he had not submitted to the surgery within forty-five days after the trial court judgment. 273 So.2d 349 (La.App. 3d Cir. 1973).
The issues raised for the application for certiorari granted, 276 So.2d 700 (1973), are two-fold: (1) Was the plaintiff employee's refusal to submit to surgery to cure his disability so unreasonable as to justify an order terminating payment of compensation benefits due for disability?; (2) Was it proper for the trial and intermediate courts to permit termination of compensation to the disabled employee pending appellate review of his contention that the law did not require his submission to the surgery ordered?

1.
The plaintiff's knee-injury consisted of a derangement of the medial meniscus, probably a tear. Because of it, he is totally disabled. The only way to relieve this disability is, by surgery, to remove damaged cartilage.
The surgery required is classified as major. It consists of opening the knee joint to repair it and to remove damaged parts. The patient is under general anesthesia with all the blood squeezed out of the leg by use of a tourniquet and compression bandages. The entire operation lasts about an hour and a half, with the surgery itself taking 30 to 45 minutes. Associated with the operations are the risks to life common to major surgery under general anesthesia. The prognosis of recovery from the disability is good but not certain.
In our workmen's compensation act, the legislature did not require an employee to submit to surgery as a condition for his receiving compensation benefits due him, except in the case of a hernia, see La.R.S. 23:1221 (4) (q). Nevertheless, as the decisions cited below show, the courts have established the equitable doctrine that while, they may not require an injured employee to submit to surgery, they may order his compensation payments withheld or suspended when he unreasonably refuses to submit to simple surgery which will remove his disability.
The general criteria as to whether an employee's refusal to submit to surgery is reasonable or not are, as set forth in Coine v. Smith, 100 So.2d 902, 903 (La. App.1st Cir. 1958):
"1. Can it be reasonably assumed that the operation will relieve the situation and permit the claimant to resume the type of work he was performing at the time of the accident?
*81 "2. Will the operation submit the claimant to a minimum of danger and be in no sense dangerous to his life or be attended by no unusual risks and is it attended with but slight pain?
"3. Is there no serious disagreement among the surgeons as to the necessity for the operation or the type of operation to be performed, and the probability that the disability will be cured without recurrence?"
This court has consistently held, or expressed approval of holdings, that an employee's refusal to submit to the kneesurgery here involved is not unreasonable, it being major surgery under general anesthesia with the consequent risks and it involving severe pain for at least a period immediately following the surgery. See: Simmons v. Blair, 194 La. 672, 194 So. 585 (1940); Bronson v. Harris Ice Cream Co., 150 La. 455, 90 So. 759 (1922). See also: Coine v. Smith, 100 So.2d 902 (La.App.1st Cir. 1958), certiorari denied; Patterson v. Cargo Services, Inc., 95 So.2d 49 (La.App. Orl.1957).[1] We affirm these holdings.
Additionally, in determining whether an employee's refusal to submit to surgery is unreasonable, the particular surrounding facts and circumstances in each case should be taken into account. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175 (1957). Here, the injured employee had voluntarily undergone a similar operation on his other knee five years earlier, and a factor in his refusal to submit this time was the intense pain and prolonged discomfort and period (six months) required for his recovery. The surgeon recommending the operation (but only if the patient desired it) did not think unusual or unreasonable the patient's fears in this regard rising from his former experience. Even aside from the major surgery involved, the employee was not under these circumstances unreasonable in refusing to submit to the surgery.

2.
The plaintiff further claims penalties and attorneys' fees from the defendant insurer, La.R.S. 22:658, based upon its allegedly arbitrary refusal to continue to pay compensation during appellate review of the issue of whether he was required to submit to surgery.
Preliminarily, it should be noted that this judicially-created defensei. e., permitting compensation due to be withheld pending surgerymust be afforded restrictively rather than liberally, for it is in derogation of the employee's legislatively created right to receive compensation during work-caused disability. See, e. g., Patterson v. Cargo Services, 95 So.2d 49 (La. App.Orl.1957). Thus an employer or insurer is liable for penalties as being arbitrary, if compensation is terminated ex parte and without a judicial determination of the reasonableness of the employee's refusal to accept surgery tendered. Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67 (1960); Thibodeaux v. Associated Distributing Co., 260 So.2d 46 (La.App.3d Cir. 1972), certiorari denied, 262 La. 131, 262 So.2d 395 (1972).
For similar reasons, and since the reasonableness of the employee's refusal is a legal rather than a medical question, Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67 (1960), an employee is entitled to his full day in court, including appellate review, before his compensation payments may be terminated on the ground that his refusal to accept surgery may, under the cited equitable doctrine, suspend his right to receive compensation during his admitted disability. Castile v. H. R. Weise, Inc., 231 So.2d 406 (La.App.1st Cir. 1970); Hamilton v. New Amersterdam Co., 208 So.2d 158 (La.App.4th Cir. 1968); *82 Duplechien v. States Exploration Co., 94 So.2d 460 (La.App.1st Cir. 1957).
Thus, here, the trial court was in error in failing to suspend the effective day of the order requiring the employee to submit to an operation until after finality of its judgment. See Castile v. H. R. Weise, Inc., 231 So.2d 406 (La.App.1st Cir. 1970); cf. also Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67 (1960).
However, the more narrow issue before us is whether the defendant insurer was so arbitrary and capricious as to subject itself to penalties for nonpayment of compensation due, La.R.S. 22:658, when it terminated compensation in reliance upon an erroneous judgment of the trial court. This judgment permitting suspension of compensation became executory forty-five days after its rendition in the absence of a suspensive appeal.
We cannot so hold. We should further note that, immediately upon demand, the defendants had paid compensation due and did not terminate compensation payments until the trial court judgment became executory upon dismissal of the plaintiff's suspensive appeal.

Decree
For the foregoing reasons, the judgments of the previous courts are reversed, and it is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Calvin Bass, and against the defendants, Service Pipe Trucking Co., Inc. and Employers Mutual Liability Insurance Company of Wisconsin, holding them liable in solido for workmen's compensation benefits at the rate of forty-nine dollars ($49.00) per week, commencing September 22, 1971, and continuing during total disability, not to exceed five hundred weeks in all (less credit for compensation paid), together with legal interest upon each weekly payment due from date of delinquency until paid. The plaintiff's claim for penalties under La.R.S. 22:658 is denied. The defendants are to pay all costs of trial and of review.
Reversed and rendered.
CULPEPPER, J., dissents being of the opinion the Court of Appeal was correct.
NOTES
[1] When the Second Circuit held to the contary in French v. Employers Mutual Liability Ins. Co., 70 So.2d 179 (La.App. 2nd Cir., 1954), we granted certiorari (March 22, 1954), but the matter was compromised before we could review the intermediate court's holding.