BOUTALL, Judge.
This is a workman’s compensation case. Edward J. Daniels, Jr. suffered an accident during the scope and course of his employment on October 9, 1973 while working for Fine Papers, Inc. He was sent to Dr. Dab-ney Ewin for treatment and the doctor diagnosed his injury as a- strain of the pec-toralis muscle on the left, placing the situs of pain some two inches from the sterno-clavicular joint. He saw Daniels again on October 13 and October 18th, and on that date he noted that the pain had localized over the sterno-clavicular joint but noticed no swelling at that point. At a subsequent visit on December 12, .1973 he noted that the joint was swollen and sent him to Dr. Rufus Alldredge, an orthopedic surgeon, for consultation. It was the conclusion of both doctors that there was no dislocation or subluxation of the joint, but that Daniels had suffered a strain of the musculature in that area. During the course of this treatment, Daniels continued to work at his job, and was in considerable pain. He testified that the pain was such he could no longer bear it and quit the job in December 1973. At the time of trial it is conceded, and demonstrated, that Daniels does indeed have a dislocation of the sterno-clavicular joint and is presently disabled. The issue here is whether plaintiff has proven a con-nexity between his present condition and the prior accident. The trial court held that he had and granted disability. The employer and its insurer have appealed.
We affirm the finding of disability as work and accident related. Without going into a detailed particularization of the testimony of each doctor who testified, we are convinced that the record shows that this man exhibited the symptoms of sublu-xation of the sterno-clavicular joint at least by October 18, 1973, and has consistently received treatment for pains in that area ever since. Unfortunately, the actual sub-luxation was not able to be clinically demonstrated by motion of the joint or by x-rays, until he was examined by other doctors over a year later. It is noteworthy that the original examining physicians testified that sometimes the motion cannot be demonstrated, and all concede that the x-rays do not always show the upward displacement as occurred here. We believe the plaintiff to have carried the burden of proof.
Appellant next raises the issue of credit for the wages paid during that period when plaintiff continued to work. The trial court awarded compensation beginning October 9, 1973, the date of the accident. Plaintiff testified, without contradiction, that he worked in pain from that time until December, 1973 when the pain was so severe he could no longer continue to work. During this period of time, plaintiff was paid his hourly salary for the time he actually worked, and was not paid for nonworking hours. He was even docked for the time he took off to attend the doctor’s office. Presumably the trial judge believed that he was working in severe pain during this period sufficient to be classified as disabled. We find no error in the judge’s determination.
Appellant urges error in the trial court judgment in that the trial court did not order plaintiff to undergo a surgical operation for his injuries. Plaintiff testified that he was willing to undergo surgery but could not afford it himself, and the *607 record is clear that he was never offered surgery by appellant. There is simply no unreasonable refusal to accept surgery in the record of this case. See Bass v. Service Pipe Trucking Company, Inc., 289 So.2d 78 (La.1974).
The last issue before us is the question of penalties and attorney’s fees which were refused by the trial court and is before us by answer to the appeal. The trial court first awarded, then on rehearing, refused the award. The question is a rather close one. We think the critical time to be in December of 1973. At that time the doctors were of the opinion that there was definite pain and tenderness and a little swelling over the left sterno-clavicular joint, and that the ligaments of this joint had been sprained. It was thought that the joint would be sore for some time, but that the employee should continue to work and the matter would clear itself up. Dr. Ewin reported that the pain had become minimal and believed that the man should return to work. However he neither returned to work nor returned for treatment for some eight months. In view of these facts, we believe the appellants to have reasonably refused compensation.
For the reasons above stated, the judgment appealed from is affirmed.

AFFIRMED.