## JOHNSON v. DEMANGE–GODMAN LUMBER CO. *

### No. 4293.

Court of Appeal of Louisiana.  Second Circuit.

May 20, 1932.

Tobin R. Hodge, of Rayville, for appellant.

Warren Hunt, of Rayville, for appellee.

DREW, J.

On January 15, 1930, plaintiff, Alex Johnson, while working for the defendant company, engaged in stacking lumber at its sawmill plant, fell from a stack of lumber a distance of from twelve to fourteen feet, striking his back on a piece of timber, of 6x6 dimensions, severely injuring him.

He was treated by the doctor of defendant company for some time, and later sent to a sanitarium in Monroe, La., where he was treated for several weeks.  The injury received by plaintiff was a fracture of the spine at the second lumbar vertebra, in connection with which fracture a part of the bone had been broken off the spine and remained in the back in the locality of the vertebra.

A part of plaintiff's doctor's bills was paid by defendant, and some compensation paid him up to February 14, 1931, at which time defendant refused to pay any more compensation, and plaintiff filed this suit, alleging permanent total disability.

Defendant, in answer, denied that plaintiff was employed by it, and averred that he was employed by one Griffin Leno, who was an independent contractor.  This defense is not now urged, and is clearly refuted by the testimony.  It denied that plaintiff was well before the injury, and averred that he was suffering from prostatitis, brought on by gonorrhea.  There is some evidence in the record

that plaintiff at one time suffered with gonorrhea and that he was and is now suffering with prostatitis, but it is not shown that this disease in any manner interfered with his work.

The principal defense is that, after February 14, 1931, plaintiff had entirely recovered from any injury received in the fall from the lumber stack and was well and able to perform labor that he had been accustomed to perform before the accident.

In the alternative, defendant avers that plaintiff is only partially permanently disabled.

A determination of the case involves only issues of fact, which the district judge found in favor of plaintiff.

It is certain that the accident occurred when plaintiff was performing duties within the scope of his employment, and that he was earning at the time a wage of $7.30 per week, or $14.60 every two weeks, and that he was permanently disabled for many months after the accident.  Defendant attempted to show that plaintiff was fully recovered after February 14, 1931, by showing that he did perform labor equally as arduous as that which he was performing prior to the injury.  In this attempt, the lower court found that the defendant failed, and we fully agree with its findings in that respect.

The testimony is conclusive that plaintiff has not performed labor of any kind since the accident until the time of trial, other than the one or two days he attempted to work for defendant in stenciling lumber, which job he was unable to hold, due to the necessity of stooping and bending.  The facts are thus reduced to the testimony of the physicians.

Dr. Sartor, the regularly employed physician of the defendant company, treated plaintiff just after the accident for four weeks, and for many months thereafter, with the exception of the two weeks plaintiff was in the Monroe Sanitarium, under the treatment of Dr. Mosely.  Dr. Sartor was possibly better qualified in this case to give the true condition of plaintiff than any other doctor.  He was in the employ of the defendant, yet he was not placed on the stand.  There is no attempt to explain his failure to testify.  We are justified, we think, in assuming that his testimony would have been unfavorable to defendant.

Dr. Mosely's testimony corroborates the facts testified to by plaintiff, that he is unable to do work of an ordinary character, such as he did before the accident.

Dr. Graves testified that the injury to the spine had healed and should not give any more pain.  He also testified to the stiffness of the back and the inability of plaintiff to

stoop or bend, due to the injury. He fixes the incapacity of plaintiff at 25 to 30 per cent.

Defendant contends that it offered plaintiff different jobs that would require no stooping, bending, or lifting, and that he refused to work, although the salary offered was more than the amount of compensation allowed under the law. This is very nearly an admission on the part of defendant that plaintiff was still incapacitated to do work of an ordinary character. Plaintiff accepted one of the jobs, but was only able to hold it for a couple of days, due to the pain caused by having to stoop. The other jobs offered him would require him to be on his feet constantly, and, according to the testimony of Dr. Mosely, he could not perform such labor without pain and injury.

The lower court found plaintiff to be totally and permanently disabled at the time of the trial, and we find no manifest error in its holding. We think the lower court properly worked out the amount of compensation due, and we will not disturb the judgment of the lower court.

It is therefore, ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.