## HINES v. HEINKAMP.
### No. 17363.

Court of Appeal of Louisiana. Orleans.
March 25, 1940.

Rehearing Denied April 22, 1940.
Writ of Certiorari Denied May 27, 1940.

Fred G. Veith, of New Orleans, for appellant.

Casey, Babin & Casey, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Mary Hines, an occupant of the premises No. 2520 Willow Street in the City of New Orleans, claims that on October 19, 1937, at about eight p. m., she

sustained bodily injuries when one of the boards of the front porch of the house collapsed while she was walking upon it. She brings this suit against the owner of the property, Mrs. Mary Heinkamp, widow of Andrew Schmidt, seeking recovery of damages on the ground that her injuries resulted from the defendant's failure to keep the premises in repair.

The defendant admits the ownership of the property and that the plaintiff was an occupant thereof at the time the accident is alleged to have occurred but denies all other allegations of plaintiff's petition.

After a trial of the case on its merits in the court below, there was judgment in favor of the defendant and plaintiff's suit was dismissed at her cost. Plaintiff has appealed from the adverse decision.

The evidence submitted by plaintiff in support of her claim is, in substance, as follows: That, on the night of the accident, she was walking on the porch which adjoins her bedroom and had just about reached the steps connected therewith leading into the alley, when one of the floor boards of the porch gave way under her weight; that her foot caught in the hole which was made by the breaking of the floor board and that she was thrown into the alley on her face. She says that she was pregnant at the time of the accident and that, as a direct result thereof, she suffered a miscarriage; that, in addition thereto, she sustained a sprained ankle and that she was compelled to be confined to her bed for approximately two and a half months after the occurrence.

There was no one present at the time the accident is declared to have happened. However, two witnesses testifying on behalf of plaintiff, viz: Thomas Collins and Joseph Armour, state that, shortly after the accident occurred, they found the plaintiff lying in the alleyway and that they assisted her into her bedroom. Neither one of these witnesses was able to declare whether there was a hole in the porch where the floorboard is supposed to have collapsed under plaintiff's weight.

Plaintiff also produced her husband who stated that she was confined to her bed for about four months as a consequence of her fall and that some of the floorboards of the porch were broken after the accident. He was unable to say, however, how many boards of the gallery were broken.

█ The plaintiff is supposed ·to have been treated by Dr. Ford N. Jones for her injuries. Although Dr. Jones was summoned as a witness, he did not appear at the trial and plaintiff did not request either that the matter be continued because of his absence or that an attachment be issued for him. Under these circumstances, we are entitled to presume that Dr. Jones' statement would have been unfavorable to her case.

█ The defendant testified that she visited the premises shortly after December 7, 1937, when the plaintiff and her husband were ejected therefrom for non-payment of rent; that, at that time, the porch was in sound condition; that plaintiff never made a complaint and that she had no knowledge whatsoever of the accident until this suit was filed. Her testimony is confirmed by that of her daughter, Carrie Schmidt, and her son W. G. Schmidt, who stated that they visited the premises shortly after the accident is alleged to have occurred and that there was nothing wrong with the floor boards of the porch. In addition to this, two other witnesses, viz: Arthur F. Babin and B. N. Hocke, declared that they visited the premises shortly after suit was filed against the defendant and found the floor boards of the porch to be in excellent condition.

The district judge, who saw and heard the witnesses, was apparently not impressed with the testimony given by plaintiff and her witnesses. Neither are we. On the other hand, the evidence submitted by the defendant to the effect that there was nothing wrong with the floor boards of the porch is more than ample to sustain the conclusion that, if plaintiff had an accident, it did not occur as the result of any defect existing in the premises. Indeed it is charitable to say that plaintiff has failed to prove her case by a preponderance of evidence.

The judgment appealed from is therefore affirmed.

Affirmed.