LOTTINGER, Judge.
This is a compensation proceeding wherein the plaintiff, Oscar Barnes, claims to have been totally and permanently disabled as a result of an accident which occurred on December 6, 1949. The matter was first tried in the Court below on May 8, 1950, and on October 7, 1952, judgment, was rendered awarding the plaintiff compensation for five weeks. He appealed from this judgment and on January 26, 1953, we remanded the case “for the introduction of further evidence by either party.” It is unnecessary to reiterate the pleadings and the findings of fact of this court and for that reason we refer you to our original opinion which is reported in 62 So.2d 843. The matter was again tried by the Lower Court on March 2, 1953 and on December 13, 1954, judgment was rendered reinstating the original judgment. The matter is now before us again on an appeal taken by the plaintiff.
The record reflects that on the second trial the testimony of the plaintiff, his wife and sister was taken in open court. The testimony of the plaintiff was that his back still aches and he can’t sleep at night and he can’t work and hasn’t worked since the accident. In this he is corroborated by his *152 wife and sister. The Charity Hospital records covering the period from April 6, 1950 to September 21, 1950 which are fully covered as to its contents in our original opinion were introduced in evidence. The record also contains the testimony of Dr. Clarence Ervin Black, radiologist with th.e Oschner Clinic, and Dr. Harry D. Morris, orthopedic surgeon, which by agreement of counsel, was taken before á Notary Public. These gentlemen testified in behalf of the defendant.
With respect to the testimony of the latter two experts, one of whom had testified previously, the trial judge concluded as follows:
“While Dr. Morris’ testimony at the first hearing was that in his examination of plaintiff on January 25, Í950, he found no evidence of permanent disability, but that at the time plaintiff had not reached maximum improvement and should be allowed an additional two weeks for convalescence, his testimony and that of Dr. Black at the last hearing is that the examination of February 26, 1953, disclosed no evidence whatever of disability.' Thus, the testimony is substantially as we found it previously.”
The record amply substantiates the trial judge’s findings as set out above with respect to the medical testimony ■ adduced. Dr. Morris, when asked'if he could find any basis for the plaintiff’s complaining of a back pain stated:
“No, sir, I could not. The movement of his back seemed to have normal range; he had no muscle spasm and none of the usual physical signs that we associate with back disability.”
Further, the opinion-of Dr. Morris as of his report of March 4, 1953, is as follows:
“This patient’s complaints are subjective in nature. There-aré no objective findings of disability of the back on physical examination. The original injury approximately three years ago was a direct blow to the upper lumbar area and both clinically and by x-ray - whatever injury could have been incurred in this manner has now satisfactorily healed. There is considerable functional element present, as manifest: by the fact that the patient wears a. completely worn out, inadequate support,. which ■ could not possibly do him any good in its present state and states that he gets great benefit from wearing such an instrument.
I do not believe-this patient requires any further treatment and could be returned to his original occupation as of the above date with no permanent disability insofar as the back is concerned.”
The Charity Hospital records which were referred to hereinabove and covered in our original opinion disclose that' the hospital treated the plaintiff but did not make' a thorough diagnosis of plaintiff’s complaint with reference to the accident whereas all of the other medical and expert testimony which is found in the record is as a result of a thorough and complete investigation: and diagnosis of plaintiff’s complaint and all of the Doctors in the original hearing as well as the second hearing state very emphatically that this patient’s complaints are subjective in nature and that there are no objective findings of disability of the back of plaintiff on physical examination.
 It further appears from the testimony of the plaintiff on cross-examination in the second hearing that since the original trial of this suit, plaintiff had consulted a Dr. Potts in St. James Parish on three different occasions. Be that as it may, however, Dr. Potts was not called as a witness in behalf of plaintiff. It must be assumed that Dr. Potts would have testified contrary to the interest of plaintiff herein. No medical experts testified on behalf of the plaintiff. The only offer made in that respect was Charity Hospital records. This casé was remanded so that plaintiff might have an opportunity of securing the testimony of the Charity Hospital Doctors. The only additional medical evidence offered was the records referred to and a rehash of defendant’s former evidence which adds noth *153 ing to the record. If plaintiff did not see fit to secure the additional testimony for which the case was remanded there is nothing further to consider. The judgment must be affirmed. With the record made up as is and particularly in view of 'the, above, we agree with the trial judge’s conclusion that the plaintiff has failed to prove his case.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.