McBRIDE, Judge.
This is a workmen’s compensation suit in which plaintiff was successful, and defendants (the employer and its compensation insurance carrier) have appealed from the judgment. The trial judge held plaintiff to be permanently and totally disabled from doing work of any reasonable character, and the defendants are contending before us such holding is erroneous, and they argue that any disability plaintiff may have is not of a permanent or total nature and that they have discharged all of their obli *468 gations to him under the Workmen’s Compensation Statute.
Plaintiff is a man 60 years of age. He was employed as painter foreman, the duties of which occupation consisted not only of supervisory work but also required the handling and climbing of scaffolds and ladders, carrying cans of paint weighing more than 100 pounds each, driving a truck, and generally all duties usually attended to by one engaged in the painting trade. On June 10, 1959, plaintiff met with an accident while performing his occupational duties, sustaining bilateral inguinal hernias. A few days later, Dr. Duncan Parham, defendants’ physician, performed operations to correct both hernias. Plaintiff was hospitalized for a period of seven days, after which he continued as a patient of Dr. Par-ham and visited his office every two weeks until the latter part of October 1959. According to plaintiff’s uncontradicted testimony, Dr. Parham on the last of these visits told plaintiff he was discharging him “but he would advise light work.” Plaintiff also testified that Dr. Parham made reports to the defendants to the effect that plaintiff could only perform light work.
Plaintiff states that before his discharge from the hospital, he began to experience a burning sensation on the right side but that Dr. Parham stated to him the pain would go away.
Plaintiff says he could do any form of heavy work before being injured. He had been employed in the construction business as a carpenter, sheet metal worker, and painter for several employers. Since sustaining the hernias he claims he can do no work at all and that his disability is caused by the burning sensation and pain at the site of the post-operative scar in his right groin. He stated that since the accident he has endeavored to do some work on his own property, but had to abandon the job because of the burning pain from which he obtained relief only by going home and lying down. The next day he tried- again but had to quit because of the pain, and his son and one of his tenants had to complete the job. This cost him $355, and his statement is that had he been able to work, his expenses would have been only about $80.
Plaintiff, in December 1959 (after his discharge by Dr. Parham), went to the office of defendant insurance company complaining of his painful condition, and was sent to Dr. A. N. Sam Houston, a specialist in industrial medicine and general surgery. Plaintiff says he told Mr. Butler in the insurer’s office he wanted to go back to Dr. Parham, but Mr. Butler stated Dr. Parham had never sent in a full report on plaintiff’s operation and that was why plaintiff was being sent to Dr. Houston.
Dr. Houston appeared as a defense witness and testified that after an observation of Barbara over a period of time (from December 21, 1959 through January 8, 1960), he thought that his symptoms were minor and did not represent a disability and his opinion was plaintiff could return to work. Dr. Houston stated that on two occasions he injected xylocaine, a drug that produces anesthesia, at the site of the hernia operation on the right side and that plaintiff demonstrated inconsistent reactions which were incompatible with the painful condition he complained of. The first injection seemed to relieve the pain for about one hour, but the second did nothing to relieve discomfort. Dr. Houston stated the significance of this was that there was an inconsistency of response to the very same drug, indicating insincerity on the part of plaintiff.
Plaintiff testified that Dr. Houston recommended that he undergo another operation to get relief from the discomfort. Dr. Houston would not admit to recommending the operation, but he did state that he thought he explained to plaintiff that if the injected drug relieved the pain “then an operation might be considered.” It is well to recall that the first of the two injections did relieve the pain for about an hour.
Plaintiff produced two medical experts as witnesses, viz., Dr. Robert C. Lynch, a general surgeon connected with Ochsner Clinic, *469 and Dr. James C. Decuers, a specialist in general and industrial surgery. Dr. Lynch made an examination of plaintiff on March 2, 1960, and Dr. Decuers made an examination on July 1, 1960. Both of these physicians concluded that the pain which existed at the scar site emanated from the nerve in the right groin which extended below the operative scar itself. Dr. Lynch said the condition was a neuroma which he explained to be the growth that results from an injury to a nerve which has been cut or bruised. The nerve becomes involved with scar tissue and is extremely sensitive. Dr. Decuers characterized the condition as a post-operative inguinal neuralgia. Dr. Lynch stated he would not recommend an operation as it would do no good. Both physicians were of the opinion that plaintiff’s pain would be permanent and that any strenuous activity on his part would he difficult and accompanied by discomfort which would increase as the activity continued.
Dr. Lynch emphatically stated that plaintiff could not do the work of a man with normal physical capabilities without aggravation of the discomfort, and he thought that the claims of plaintiff that he could not work or climb or go upstairs or come downstairs without pain were all compatible with his findings.
It is true that both Drs. Lynch and De-cuers agreed that the injection of xylocaine is considered to be one of the standard tests used for determining whether the patient has a neuroma and both admitted that no injections of the drug had been administered by them in connection with their examinations. However, both doctors stated that while the symptoms complained of by plaintiff were subjective they had every reason to believe that the complaints he made were genuine and that he was indeed suffering pain and discomfort such as he described.
For some unexplained reason, the defendants saw fit not to call Dr. Parham as their witness. His absence is absolutely unaccounted for. It seems to us that any evidence that could have been supplied by this physician would have been most material and would have been of great assistance to the court in passing on the question of plaintiff’s disability vel non. Dr. Parham performed the two operations and saw the incisions heal. He treated plaintiff for some months after surgery, and plaintiff states that at the time of his discharge Dr. Parham advised light work only. Plaintiff’s statement must be accepted as the truth for there is no contradictory evidence. Therefore, it must appear as a fact that four months after the accident Dr. Parham thought plaintiff was disabled to the extent he was fit only for light work. The reason why Dr. Parham considered plaintiff incapable of performing his usual duties is a matter we know nothing of and can only make the observation that we think Dr. Par-ham should have been called to give an explanation.
 Under the rules of evidence, a litigant’s failure to produce a material witness without accounting for his absence raises a presumption that had the witness testified, his evidence would have been unfavorable to the litigant. This rule is applicable to a party’s failure to produce a physician, surgeon, or orthopedist, as well as other witnesses, both lay and expert. Mullins v. Seals, La.App., 103 So.2d S82; Boone v. Gomer, La.App., 99 So.2d 788; Parnell v. City of Monroe, La.App., 98 So.2d 820; Keener v. Fidelity & Casualty Co. of New York, La.App., 96 So.2d 509; Brown v. Yellow Cab Company of Shreveport, Inc., La.App., 94 So.2d 573; Marsalis v. LaSalle, La.App., 94 So.2d 120; Chance v. American Mutual Liability Insurance Company, La. App., 92 So.2d 493; Powell v. Liberty Mutual Insurance Company, La.App., 80 So.2d 902; Barnes v. American Mutual Liability Insurance Company, La.App., 80 So.2d 151; Walker v. Monroe, La.App., 62 So.2d 676; Rider v. R. P. Farnsworth Co., Inc., La.App., 61 So.2d 204; Thomas v. Maryland Casualty Co., La.App., 32 So.2d 472; Lee v. International Paper Co., La. App., 16 So.2d 679; Guillory v. Union *470 Sulphur Co., La.App., 3 So.2d 197; Law v. Kansas City Bridge Co., Inc., La.App., 199 So. 155; Hines v. Heinkamp, La.App., 194 So. 731; Comforto v. Cloverland Dairy Products Co., Inc., La.App., 194 So. 43; McPherson v. Hillyer Deutsch-Edwards, Inc., La.App., 143 So. 89; Johnson v. Demange-Godman Lumber Co., La.App., 141 So. 779. Said rule was invoked in a case where doctors who examined an injured plaintiff at the request of defendants were not placed on the witness stand. May v. Cooperative Cab Co., La.App., 52 So.2d 74. The rule should apply with greater force where the physician, at defendants’ request, actually attended and treated the plaintiff over a considerable period of time.
The defendants contend that the plaintiff did not show any objective symptoms and that the only evidence of pain, which is subjective, emanates from plaintiff himself. To be successful in recovery for workmen’s compensation the injured plaintiff is not bound to prove the presence of any objective symptoms. It is only necessary that there should have been objective conditions or symptoms proven and such subjective result as may be imputed to the original objective condition. Frantz v. Schroeder, 184 La. 945, 168 So. 110; Stovall v. American Employers Ins. Co., La.App., 26 So.2d 321; Brown v. Joseph Rathbone Lumber Co., 11 La.App. 599, 123 So. 383.
The trial judge accepted the testimony of plaintiff, his medical experts, and his lay witnesses in regard to the alleged disability, and we think this evidence, buttressed by the unfavorable presumption which the failure to produce Dr. Parham raises against defendants, sufficient to demonstrate plaintiff’s total and permanent disability. The judgment for compensation for a period not to exceed 400 weeks at the rate of $35 per week (subject to credits for compensation paid) is correct.
Where an employee has sustained a hernia and has submitted to surgery for repair thereof but through nerve involvement or neuroma at the site of the scar suffers with pain and discomfort which prevents him from performing his usual duties or any duties similar thereto, he is considered to be totally and permanently disabled as a result of the accident. Sumrall v. J. C. Penney Company, La.App., 101 So.2d 758, aff. 239 La. 762, 120 So.2d 67; Bynum v. Maryland Casualty Company, La. App., 102 So.2d 547.
In Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1, the Supreme Court said:
“In the light of the facts in the instant case the plaintiff is, in our opinion, permanently and totally disabled within the meaning and contemplation of this law. The law does not expect, and it does not contemplate, that a worker, in order to make a living, must work in pain, * *
The judgment grants plaintiff “medical expenses up to the limit provided by law subject to credit of medical expenses already paid.” No judgment for medical expenses should have been rendered in plaintiff’s favor as there is nothing in the record showing he has paid or is liable for any expenses in having his injuries treated. Defendants expended the sum of $377. The judgment, in effect, makes an allowance for future medical expenses. This was improper for nowhere in the Workmen’s Compensation Statute is it provided that an allowance may be made to an injured workman for future medical expenses or expenditures. Broussard v. Dumas Chevrolet Company, La.App., 120 So.2d 863; Livaccari v. Fidelity & Casualty Company of New York, La.App., 118 So.2d 275; Wilson v. New Amsterdam Casualty Company, La.App., 86 So.2d 556. However, the right to assert claim against defendants for future medical expenses should have been reserved unto plaintiff.
Plaintiff prayed for the statutory penalties and a reasonable attorney’s fee against *471 the defendant insurer under LSA-R.S. 22:-658 for arbitrarily, capriciously, and without probable cause stopping the payments of compensation beyond the 31 weeks actually paid. The judgment provides for a 12% penalty on all accrued compensation, but no provision is made therein for a reasonable attorney’s fee under the above statutory section.
However, the judgment does make provision for an attorney’s fee of 20% on the first $5,000 of the compensation award and 10% of the award in excess of said amount, but it is plain that this was an approval, under LSA-R.S. 23:1141, as amended, of the fee of the attorneys for representing plaintiff. Such approval was prayed for in the petition. The attorney’s fees which might be due by the insurer under the provisions of LSA-R.S. 22:658 should not be confused with the approval under LSA-R.S. 23:1141, as amended, of the fee plaintiff must pay his attorneys.
In answer to the appeal, plaintiff has prayed for an amendment to the judgment so as to provide for a reasonable attorney’s fee as against defendant insurer under the penalty provisions above mentioned.
In view of the allowance of the 12;% penalty on compensation past due for more than 60 days and the claim for an attorney’s fee from the insurer under LSA-R.S. 22:658, it becomes our duty to determine whether the discontinuance of compensation payments was arbitrary, capricious or without probable cause so as to make defendant insurer answerable for statutory penalties.
We have carefully weighed all circumstances appearing in the record respecting the nature and extent of plaintiff’s injuries and disability and have come to the conclusion that the cutting off of compensation was at least without probable cause. Defendants paid compensation for 31 weeks (an aggregate of $1,085) which was a period extending beyond the date Dr. Parham discharged plaintiff. When the payments were discontinued, defendants had before them Dr. Parham’s report to the effect that plaintiff could only do light work, and the fact payments were made after his medical discharge would show that such were made on the basis of the doctor’s report. Defendants have not shown the reason, if any there was, why the weekly benefits were stopped, and the only conclusion that can be reached is that such stoppage of payments was without probable cause. The defendants took a calculated risk with reference to statutory penalties and have become liable therefor. We believe an assessment of $2,000 to be paid by the insurer would constitute a reasonable attorney’s fee within the contemplation of LSA-R.S. 22:658. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108; Broussard v. Dumas Chevrolet Company, supra.
Therefore, for the reasons stated above:
It is ordered, adjudged and decreed that the judgment appealed from be amended and recast so as to provide that plaintiff have judgment against both defendants, in solido, for workmen’s compensation at the rate of $35 per week, commencing June 10, 1959, not to exceed a period of 400 weeks (subject to a credit for compensation paid), with legal interest on all past due weekly installments from due date until paid, and the defendant insurer is condemned to pay a 12% penalty on all weekly compensation payments which are now due, with a like penalty on all such payments which might become 60 days overdue in the future, together with an attorney’s fee of $2,000.
That the said judgment further provide that plaintiff’s right to pursue the defendants for all future medical expenses or expenditures made by him is reserved; that defendants are liable for the fees of plaintiff’s expert witnesses.
That the said judgment further provide that the fee of plaintiff’s attorneys be approved, the same to be 20% of the first $5,000 of the compensation award and 10%
*472 of the award in excess of said amount, to-, gether with legal interest from judicial demand.
As thus recast and amended, the judgment appealed from is affirmed.
Affirmed in part; recast, amended and rendered.