285 So.2d 297 (1973)
Mrs. Howard De JEAN, Plaintiff and Appellee,
v.
B. F. TRAPPEY'S SONS, INC., et al., Defendants and Appellants.
No. 4308.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*298 Davidson, Meaux, Onebane & Donohoe by L. Lane Roy, Lafayette, for defendants and appellants.
J. Minos Simon, Lafayette, for plaintiff and appellee.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit by an employee, Mrs. Howard De Jean, for benefits due under the Workmen's Compensation Act as a result of injuries sustained while working in the canning factory of defendant, B. F. Trappey's Sons, Inc., which employer was insured for compensation protection by defendant Liberty Mutual Insurance Company.
On September 29, 1969, Mrs. De Jean was working as a seasonal employee in that portion of the canning plant where previously filled one gallon cans of sweet potatoes were labelled and boxed. Her duties included picking up these cans, weighing approximately 6 lbs. 8 oz., from a conveyor line and placing them into packing boxes. Other duties entailed stacking these filled boxes and mopping the floors. On the aforementioned date she received back injuries when she picked up two unlabelled cans at one time, in order to place them on the floor, so as to enable her to continue keeping up with the conveyor.
Mrs. De Jean endured in her work until pain from the injury forced her to see her family physician, Dr. William I. Smith, on October 2, 1969. Doctor Smith diagnosed the problem originally as a muscle strain *299 but after repeated visits and a worsening of the condition changed his diagnosis to that of a probable herniated disc. After little relief, Mrs. De Jean was admitted to a hospital on the following October 13th, for strict bed rest and traction. Once released, her pain became worse, and Doctor Smith was of the opinion that plaintiff was completely disabled to work and therefore recommended her having an orthopaedic evaluation.
On October 30, 1969, plaintiff was examined by Dr. William Louis Meuleman, an orthopaedic surgeon, who readily diagnosed her condition as a "clear cut" ruptured disc. Doctor Meuleman continued to treat plaintiff. Her clinical symptoms were so clear, that even without a myelographic study, the doctor performed surgery on November 24, 1971. As expected, an invertebral disc rupture was revealed and surgical repair was attempted. Plaintiff received post operative care from Doctor Meuleman until August 24, 1972. She has not returned to her former employment and, in addition, according to trial testimony, is unable to do her former usual household duties.
Defendants paid workmen's compensation from the date of the accident through June 14, 1972, at which time benefits were terminated.
As a result plaintiff filed suit on August 10, 1972, seeking a resumption of compensation payments, penalties, and attorney fees. Defendants filed an answer generally denying all of plaintiff's allegations, except for the work connected injury, and taking the position that it had no further obligation under the Workmen's Compensation Act.
After trial on the merits the district court rendered judgment in favor of plaintiff, finding that she had suffered total and permanent disability to her back as a result of the accident. She was awarded compensation under the schedule at the rate of $41.60 per week, not to exceed 500 weeks, plus medical expenses, with the usual provision for interest and costs. In addition, the district judge assessed statutory penalties and attorney fees in the sum of $2,500.00 against defendants for their arbitrary and capricious discontinuance of benefits, as provided for in the penalty sections of the act.
From this judgment the defendants, employer and insurer, have taken a suspensive, and alternatively devolutive appeal, contending only that the trial court erred in awarding penalties and attorney fees.
The only question before this court on appeal is whether defendants' actions in discontinuing benefits were arbitrary, capricious, and without probable cause under LSA-R.S. 23:1201.2 and 22:658.
An employer's conduct in discontinuing workmen's compensation payments must be judged primarily upon the facts existing and known to him at the time payments were stopped. These facts must justify discontinuance. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965).
Defendants emphatically deny that their actions were arbitrary, capricious, or without probable cause in discontinuing benefits on June 14, 1972. However, no evidence was offered to support this position and no effort was made at the trial to explain the abrupt stoppage of all compensation benefits. The record does not reflect any legal excuse for defendants' termination of compensation.
In defendants' brief and at oral argument reference is made to the existence of a June 1972 letter from Doctor Meuleman to defendant insurer indicating that plaintiff was discharged with a 15% disability but could return to her former employment. Such a letter was not introduced at trial not was it referred to in any of the testimony. Specifically, no testimony was elicited to the effect that Doctor Meuleman *300 had written such a letter to defendants, or that defendants had received such a letter.
Defendants thereafter seek to rely upon testimony of Doctor Meuleman AT TRIAL that, according to a disputed hypothetical situation given by defendants' counsel, a woman with such indicated duties could return to work. It is clear from the record that Doctor Meuleman in his testimony did not state that Mrs. De Jean could have returned to her former duties on June 14, 1972. In fact, he had not previously inquired as to what Mrs. De Jean's duties entailed. [Tr. 118].
We do not find that defendants have shown the reason, if any there was, why weekly benefits were stopped. Neither have we anything before us upon which we can judicially find that defendants did not act arbitrarily, capriciously, and without probable cause. See Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952); Barbara v. Lumbermen's Mutual Casualty Co., 137 So.2d 466 (La.App. 4th Cir. 1962); Fontenot v. Travelers Insurance Co., 125 So.2d 664 (La.App. 3rd Cir. 1960).
Mere suspicion is not enough to discontinue benefits. Bushnell v. Southern Farm Bureau Casualty Insurance Co., 271 So.2d 267 (La.App. 3rd Cir. 1972); Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3rd Cir. 1967). Defendants took a calculated risk with reference to statutory penalties and have become liable therefor. Barbara v. Lumbermen's Mutual Casualty Co., supra.
After carefully weighing all the circumstances appearing in the record we do not find manifest error in the lower court's judgment assessing penalties and attorney fees to defendant insurer, Liberty Mutual Insurance Company.
But as to defendant employer, B. F. Trappey's Sons, Inc., we amend the judgment insofar as it holds them liable for penalties and attorney fees. The provisions of LSA-R.S. 22:658 impose upon the insurer the liability of 12% damages and reasonable attorney fees as penalty for arbitrary, capricious, or without probable cause failure to pay compensation benefits. LSA-R.S. 23:1201.2 imposes upon the employer who "is not covered by insurance" the same penalty. Here defendant employer is covered by insurance and the penalty must therefore be imposed under the provisions of LSA-R.S. 22:658, which applies only to insurers. Therefore only Liberty Mutual Insurance Company is liable for that part of the judgment assessing penalties and attorney fees. Dauzat v. Allstate Insurance Co., 230 So.2d 768, (La.App. 3rd Cir. 1970), vacated (on other grounds) 257 La. 349, 242 So.2d 539 (1970), on remand, 245 So.2d 451 (1971), writ refused, 258 La. 577, 247 So.2d 394 (1971); Poindexter v. South Coast Corp., 204 So.2d 615 (La.App. 4th Cir. 1967); Ernest v. Martin Timber Co., 124 So.2d 205 (La.App. 2nd Cir. 1960); Bassemier v. W. S. Young Construction Co., 110 So.2d 766 (La.App. 1st Cir. 1959).
For the above and foregoing reasons, the judgment appealed is amended so as to cast only the defendant insurer for the statutory penalties and attorney fees. In all other respects the judgment is affirmed. Costs of this appeal are assessed against appellant, Liberty Mutual Insurance Company.
Amended and affirmed.