640 So.2d 532 (1994)
Craig COMEAUX, Plaintiff-Appellee,
v.
GREY WOLF DRILLING, Defendant-Appellant.
No. 93-1289.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Writ Denied September 16, 1994.
Lawrence N. Curtis, Lafayette, for Craig Comeaux.
John Hatch Hughes, Lafayette, for Grey Wolf Drilling.
Before SAUNDERS and DECUIR, JJ., and BERTRAND,[*] J. Pro Tem.
*533 DECUIR, Judge.
Craig Comeaux filed this worker's compensation suit against his employer, Grey Wolf Drilling Company, for benefits due as a result of an injury which occurred on February 14, 1992, and for penalties and attorney fees. The hearing officer rendered judgment finding Comeaux entitled to claimed expenses and assessing penalties and attorney's fees. In addition, the hearing officer found that Comeaux's psychiatric hospitalization was not proximately caused by the February 14, 1992 accident and therefore Grey Wolf did not owe for expenses related to that hospitalization. Grey Wolf appealed.
The issues on appeal are: (1) whether the hearing officer erred in awarding penalties and attorney's fees against an insured employer; (2) whether the hearing officer erred in finding defendant arbitrary and capricious in refusing to authorize diagnostic tests; and (3) whether the hearing officer erred in finding the claimant entitled to penalties and attorney's fees on unpaid medical expenses.

FACTS
Craig Comeaux was employed by Grey Wolf Drilling Company on February 14, 1992. In the course of his employment as a floor hand on a drilling rig located near LaGrange, Texas, Comeaux hurt his back while lifting a piece of angle iron.
Comeaux was initially treated in the emergency room at the hospital in LaGrange, Texas. Upon his return home, he sought treatment by his family physician, Dr. Montgomery. Comeaux was then referred to Lafayette orthopedist Dr. Clifton Shepherd by Jeff Daigle of The Gray Insurance Company. Dr. Shepherd saw Comeaux on February 25, 1992, March 4, 1992, March 27, 1992 and May 13, 1992. It was ultimately Dr. Shepherd's opinion that Comeaux exhibited a number of inconsistent findings during the clinical examinations, that his diagnostic studies were normal, and that he was able to return to work without restriction. In addition, Dr. Shepherd recommended a myelogram but the test was never conducted.
After seeing Dr. Shepherd, Comeaux sought treatment from his own choice of orthopedists, Lafayette physician Dr. John Cobb. Dr. Cobb diagnosed a stiff sacroiliac joint and recommended therapeutic injections followed by manual treatment. In addition, Dr. Cobb noted in a letter dated April 7, 1993, that a lumbar diskogram was in order and that Comeaux probably needed an automated percutaneous diskectomy at L4/5.
Lafayette orthopedist Dr. James Lafleur examined Mr. Comeaux in September 1992 at the request of the Office of Workers' Compensation. He recommended a lumbar myelogram which was performed on October 1, 1992, and interpreted by Dr. Lafleur as normal. Subsequently, Dr. Lafleur reported that Comeaux should be able to return to work without restriction, but should undergo a six week work hardening program. On March 10, 1993, he was still of the opinion that Comeaux could be released to return to full duty but he did not know whether the work hardening program was still necessary.
Comeaux was scheduled for a work hardening program but failed to attend. On or about the day that he was supposed to begin the work hardening program, Comeaux was hospitalized for depression at Cypress Hospital.

AWARD OF PENALTIES AND ATTORNEY FEES AGAINST EMPLOYER
Grey Wolf contends that the hearing officer erred in awarding penalties and attorney's fees because it is insured. We disagree.
It is well established that an employer insured by a worker's compensation insurer cannot be held liable for penalties and attorney's fees. LSA-R.S. 22:658; Charles v. Aetna Cas. & Sur. Co., 525 So.2d 1272 (La.App. 3d Cir.), writ denied, 531 So.2d 480 (La.1988); Fontenot v. Great Southern Oil & Gas Co., 434 So.2d 621 (La. App. 3d Cir.1983). However, an employer is liable for attorney's fees and penalties for arbitrary and capricious denial of compensation benefits when the employer is self insured or self insured to some extent. LSA-R.S. 23:1201.2; Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3d Cir.1985).
*534 It is clear from the record that Grey Wolf was insured by the Gray Insurance Company, a worker's compensation insurer. Mr. Daigle, the claims adjuster, reluctantly admitted that payment of the first $50,000.00 was the responsibility of Grey Wolf and not Gray Insurance. There was no evidence submitted at trial establishing that Grey Wolf had already satisfied payment of $50,000.00 of this claim. The employer relying on the existence of compensation insurance coverage to avoid liability for penalties and attorney's fees bears the burden of proving coverage. Sharbono, supra. Grey Wolf cannot now hide behind its self-insurance arrangements for immunity from penalties and attorney's fees.

APPROPRIATENESS OF AWARD OF PENALTIES AND ATTORNEY'S FEES
Grey Wolf further contends that the hearing officer erred in finding it arbitrary and capricious in denying diagnostic tests and in awarding penalties for unpaid medical expenses. This contention has some merit.
The hearing officer's decision on penalties and attorney's fees is essentially a question of fact and should not be reversed unless clearly wrong. Scott v. Central Industries, Inc., 602 So.2d 201 (La.App. 3d Cir.1992).
The record reveals that both claimant's choice of physician and the physician recommended by defendant suggested treatment or testing that was never conducted. Ultimately, the suggested testing, a lumbar myelogram, was conducted by order of the physician appointed by the hearing officer. The hearing officer found the defendant's failure to authorize diagnostic tests arbitrary and capricious. That finding is supported by the record.
Accordingly, the award of attorney's fees by the hearing officer was appropriate. The award of penalties, however, was not. While the 1992 amendment to LSA-R.S. 23:1201 provides for penalties for failure to timely pay medical benefits, at the time of claimant's injury and defendant's related actions such penalties were not recoverable. Dubois v. Diamond M Co., 559 So.2d 777 (La.App. 3d Cir.1990).
For the foregoing reasons, the judgment of the hearing officer is affirmed insofar as it awards attorney's fees. The portion of the judgment awarding penalties is reversed. All costs of this appeal are taxed to the appellant.
Affirmed in Part; Reversed in Part.
NOTES
[*] Honorable Lucien C. Bertrand participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.